NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0305n.06

No. 25-1920

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 15, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| DAVID JANKOWSKI, | ) | |
| Defendant, | ) ) | OPINION |
| PAULA JANKOWSKI, | ) ) | |
| Interested Party-Appellant. | ) ) | |

Before: CLAY, GIBBONS, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** Following David Jankowski's criminal conviction, the government commenced foreclosure proceedings on his real property in Michigan. David's spouse, Paula Jankowski, appeals the district court's denial of her motion to intervene in those proceedings. For the reasons set forth below, we **AFFIRM** the district court's ruling.

## I. BACKGROUND

A jury convicted David Jankowski of thirty counts regarding unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and health care fraud in violation of 18 U.S.C. § 1347. The district court sentenced David to 240 months' incarceration and ordered that he pay $5,200,000 in restitution, which created a lien against all of David's property rights under 18 U.S.C. § 3613.

On May 31, 2024, the government commenced foreclosure proceedings on real property that is subject to the criminal judgment lien and located at 301 N. Shore Drive, South Haven, Michigan 49090. David is the sole owner of that property, as the property is titled in his name only. On the same day, the government provided a courtesy copy of the foreclosure complaint to counsel for David's spouse, Paula Jankowski.

Pursuant to the district court's scheduling order in the case, discovery closed on March 7, 2025, and dispositive motions were due April 11, 2025. On March 20, 2025, the government moved for summary judgment, requesting that the district court enter an order "declaring that the United States is entitled to foreclose its restitution lien as to the [r]eal [p]roperty" and "authorizing the United States to sell the [r]eal [p]roperty." R. 26, Page ID #92. On the same day, the government sent a courtesy copy of the motion for summary judgment to counsel for Paula. The district court scheduled a hearing on the motion for summary judgment for June 9, 2025.

On June 4, 2025, Paula, through her counsel, filed a "Notice of Interested Party." R. 32, Page ID #114. In that filing, Paula stated that she had been married to David since November 25, 2011, almost three years after David obtained ownership of the property. Paula asserted that even though "title to the property is in the name of [David] only," she "claims a vested legal and/or equitable interest in the [p]roperty." *Id.* Paula stated that, "since their marriage in 2011, [she] has continuously and materially contributed to the maintenance, management, and financial productivity of the [p]roperty." *Id.* at 115.

On June 9, 2025, the district court conducted the summary judgment hearing, at which counsel for the government and David appeared, but no one appeared on Paula's behalf. On June 11, 2025, the government filed a response to Paula's notice, arguing that the notice was an

improper "attempt to intervene without filing a motion in violation of [Federal Rule of Civil Procedure 24]." R. 33, Page ID #117. Paula did not respond.

On July 28, 2025, the district court issued an order that granted the government's motion for summary judgment and struck Paula's notice. The district court held that the government "is entitled to foreclose its restitution [l]ien as to the [p]roperty" and the "net proceeds of the sale of the [p]roperty shall be credited towards [David's] forfeiture money judgment." R. 34, Page ID #135-36. With regard to Paula's notice, the district court explained:

> The fact that Paula waited until June 4, 2025 – two business days before the hearing on the United States' summary judgment motion – to file her 'Notice,' and then did not attend the hearing or respond to the United States' brief addressing the Notice suggests that filing the Notice was merely an improper attempt by Paula to delay these proceedings.

*Id.* at 133. The district court also stated:

> In Paula's Notice, she asserts that she 'did not receive notice of this matter by the government and did not have the opportunity to assert her marital interest in this property.' However, as noted, Paula's attorney was provided timely notice of both the United States' complaint and motion for summary judgment. And, even if Paula herself did not receive notice until much closer to the hearing, the fact that nobody appeared on her behalf at the hearing suggests that she abandoned any attempt to participate in this civil action.

*Id.* at 133 n.2 (citation modified).

On July 30, 2025, Paula filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a). The district court denied Paula's motion, finding that "the instant motion is untimely; Paula has not demonstrated that she has a substantial legal interest in the [p]roperty; and even if the [c]ourt were to find that she has such an interest, her interest has not been impaired, and [David] is able to adequately represent it." R. 61, Page ID #364. Paula now appeals the district court's denial of her motion to intervene.

## II.  DISCUSSION

"To intervene as a matter of right in a lawsuit under Federal Rule of Civil Procedure 24(a), a proposed party must establish that: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (citation omitted).  "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011); *see also Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) ("[F]ailure to meet one of the criteria will require that the motion to intervene be denied." (citation omitted)).

We "review the timeliness element for abuse of discretion and the remaining factors de novo." *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 695 (6th Cir. 2021) (emphasis omitted).  An abuse of discretion occurs when we are "left with the 'definite and firm conviction that the trial court committed a clear error of judgment.'" *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008) (quoting *Dubay v. Wells*, 506 F.3d 422, 431 (6th Cir. 2007)).  We may overturn the district court's determination under the abuse of discretion standard only if it "was arbitrary, unjustifiable[,] or clearly unreasonable." *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 267 (2001) (quoting *Plain Dealer Pub. Co. v. City of Lakewood*, 794 F.2d 1139, 1148 (6th Cir. 1986)).

"The timeliness of a motion to intervene is a threshold issue that we must address before considering any other elements of Rule 24." *Salem Pointe Cap., LLC*, 854 F. App'x at 695.  "The determination as to whether a motion to intervene is timely should be evaluated according to the

circumstances and is left to the sound discretion of the trial court." *Creusere v. Bd. of Educ. of City Sch. Dist. of City of Cincinnati*, 88 F. App'x 813, 824 (6th Cir. 2003). In assessing timeliness, we consider five factors: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor[] knew or should have known of [her] interest in the case; (4) the prejudice to the original parties due to the proposed intervenor['s] failure to promptly intervene after [she] knew or reasonably should have known of [her] interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Bailey v. White*, 320 F. App'x 364, 366 (6th Cir. 2009). The burden lies with the proposed intervenor to demonstrate the timeliness of her motion to intervene. *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993) ("[T]he proposed intervenor must first show that the motion is timely."); *Creusere*, 88 F. App'x at 824 ("A party seeking . . . intervention must demonstrate 'timeliness of the application to intervene.'" (quoting *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000))). "If the motion is untimely, the court must deny intervention." *United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013).

The only argument that Paula provided in the district court regarding the timeliness of her motion to intervene was the following:

> As to the first element, Paula's Motion is timely because the [c]ourt recently granted the government's Motion for summary judgment to foreclose its Restitution Lien filed against the Subject Property. There will be no sale of the Subject Property until after August 8, 2025, so there is ample time for the government to recognize Paula's interest in the proceeds garnered from the sale.[1]

R. 35, Page ID #142.

---

[1] In her reply to the government's response to her motion, Paula similarly stated: "this [m]otion is timely because the sale of the . . . property has not occurred yet and Paula is seeking to intervene before proceeds are garnered and distributed." R. 40, Page ID #237.

The district court determined that Paula's motion to intervene was untimely. The district court recognized the five factors for evaluating timeliness. The district court noted that Paula had "waited until only two days before the hearing on [the government's] motion for summary judgment" to give notice that she sought to intervene in the lawsuit, although she then "failed to attend the scheduled hearing." R. 61, Page ID #360 (emphasis omitted). The district court stated that "there is little doubt" that Paula had been "aware of the existence and nature of the instant case, as well as her alleged interest in it," particularly since she and her counsel had already been involved in related proceedings. *Id.* The district court further stated that, in seeking intervention, Paula was attempting initially "to delay the government's ability to sell the [p]roperty, and now to delay its ability to collect the proceeds of the [p]roperty's sale and use them to satisfy [David's] restitution judgment." *Id.*

The district court did not abuse its discretion in concluding that Paula's motion was untimely. As to the first factor, the point to which the suit had progressed, we consider the amount of time that passed "between the filing of the complaint and the motion to intervene," and we place more importance on "what steps occurred along the litigation continuum during this period of time." *Kirsch*, 733 F. App'x at 275 (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000)) (emphasis omitted). "[A] motion to intervene filed during the final stages of a proceeding is not favorably viewed." *United States v. BASF-Inmont Corp.*, 52 F.3d 326, 1995 WL 234648, at *2 (6th Cir. 1995). Paula filed her motion to intervene on July 30, 2025, over one year after the action commenced in the district court. At that point, discovery had closed over fourth months prior, the deadline for dispositive motions had passed over three months prior, and the district court had already granted summary judgment. Under similar circumstances, we have upheld the district court's determination that a motion to intervene was untimely. *See, e.g.,*

*Johnson v. City of Memphis*, 73 F. App'x 123, 132 (6th Cir. 2003) (affirming the district court's denial of intervention as untimely where the proposed intervenors filed their motion to intervene "over a year after the original complaint was filed," the parties had already conducted discovery, and the district court had granted a motion for partial summary judgment); *Atlas Noble, LLC v. Krisman Enterprises*, 692 F. App'x 256, 268 (6th Cir. 2017) (affirming the district court's conclusion that the motion was untimely where the district court had "ruled on the cross-motions for summary judgment" and the "case had originally been filed" over a year-and-a-half earlier); *Creusere*, 88 F. App'x at 825 (affirming the district court's determination that the motion to intervene was untimely where "discovery was long over, the deadline for dispositive motions had passed months before, and the trial was scheduled in about a month"). Such "extensive" and "substantial" progress in the district court counsels against Paula's intervention in this case. *See Johnson*, 73 F. App'x at 132; *see also Salem Pointe Cap., LLC*, 854 F. App'x at 696 (citation modified).

As to the second factor, the purpose for which intervention is sought, we have followed a "somewhat inconsistent" approach—"at times, we have peeked behind the timeliness curtain at the legitimacy of the intervenors' purported interest, and at others, we have analyzed whether the would-be intervenors acted promptly in light of their stated purpose[]." *In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 902 (6th Cir. 2022) (quoting *Kirsch*, 733 F. App'x at 275-76). We may assess this factor "in terms of either legitimacy or promptness." *United States v. Michigan*, 68 F.4th 1021, 1025-26 (6th Cir. 2023). The only purpose for intervention that Paula identifies is her desire to collect the proceeds of the foreclosure sale. Regarding the legitimacy of that purpose, Paula provides no explanation as to how the district court erred in finding that, given her failure to appear at the summary judgment hearing and the timing of her motion, her purpose

in intervening was actually "to delay [the government's] ability to collect the proceeds of the [p]roperty's sale and use them to satisfy [David's] restitution judgment." R. 61, Page ID #360. Even if we were to credit Paula's stated purpose of collecting the proceeds, she does not explain how she acted promptly in light of that purpose by waiting over a year to intervene in the lawsuit. Paula's stated purpose does not "excuse[]" "the lack of an earlier motion to intervene." *See Stupak-Thrall*, 226 F.3d at 479 n.15 (explaining that for the "purposes of intervention" factor we examine "whether the lack of an earlier motion to intervene should be excused, given the proposed intervenor's purpose—for example, when the proposed interventor seeks to intervene late in the litigation to ensure an appeal"). We cannot conclude that Paula timely sought intervention in light of her stated purpose where she filed her motion after the district court had already authorized the government to sell the property and determined that the net proceeds of the sale would be credited to David's restitution judgment. Under either framework, the second factor weighs against Paula's intervention.

As to the third factor, the length of time, we evaluate "how long the intervenor took to move after [she] knew or should have known that [her] interests in the case were implicated." *In re Auto. Parts Antitrust Litig.*, 33 F.4th at 902. Paula's counsel received a copy of the complaint brought against her spouse, David, on the day it was filed, along with a copy of the government's motion for summary judgment on the day it was filed one year later. And, as noted by the district court, Paula and her counsel had already been involved in related proceedings prior to this lawsuit. Paula states that she "knew about the property since she married David," and she does not dispute that she knew or reasonably should have known about her interest in the property since the inception of this lawsuit. Appellant's Br. at 16. Instead, she claims this third factor "is not relevant due to the fact that she was not objecting to the foreclosure action itself but only to the distribution

of the foreclosure sale proceeds." *Id.* at 16-17. But Paula does not provide any justification or citation for that proposition. Indeed, Paula's knowledge of the lawsuit since its inception counsels against her intervention. *See Creusere*, 88 F. App'x at 825 (holding that the proposed intervenor "could have intervened as soon as [the] case was filed, but as it did not, its motion was too late"); *see also Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 584 n.3 (6th Cir. 1982) (stating that the proposed intervenors "should have attempted to intervene when they first became aware of the action, rather than adopting a 'wait-and-see' approach").

As to the fourth factor, prejudice, we "consider the prejudice to the named parties due to the failure to intervene at an earlier point." *Salem Pointe Cap., LLC*, 854 F. App'x at 698-99. Allowing Paula to intervene after discovery had closed, the dispositive motion deadline had passed, and summary judgment was granted would, as the district court noted, delay the government's ability to sell the property and collect the proceeds. When such "extensive litigation . . . has occurred" in the district court, "intervention at this late stage would cause prejudice in the form of undue delay." *See Blount-Hill*, 636 F.3d at 286. Paula's intervention at this point would likely "force the parties into collateral litigation" over issues, such as Paula's interest in the property and entitlement to the proceeds of its sale, "that are beyond the scope of the original action." *See Salem Pointe Cap., LLC*, 854 F. App'x at 699 (quoting *United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001)). Moreover, "concern over delay and prejudice to the parties is particularly apparent" because Paula's intervention would also require the district court to "reconsider its prior rulings," including that the net proceeds of the property's foreclosure sale would go towards David's restitution judgment. *See Bradley v. Milliken*, 828 F.2d 1186, 1194 (6th Cir. 1987). This fourth factor also weighs against Paula's intervention.

As to the fifth and final factor, we consider whether any "unusual circumstances support intervention." *See Cahoo v. SAS Institute, Inc.*, 71 F.4th 401, 413 (6th Cir. 2023). Paula argues in a conclusory fashion that this case presents unusual circumstances in the form of a violation of her Fourth and Fifth Amendment rights. However, Paula did not develop this argument in the district court or on appeal. We decline to assess the merits of a constitutional violation mentioned in passing. *See United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation modified)). Paula has thus not pointed to any unusual circumstances of merit that support her intervention.

Since the timeliness factors weigh against Paula's intervention in this case, Paula fails to satisfy the "threshold issue" of timeliness under Rule 24(a). *See Salem Pointe Cap., LLC*, 854 F. App'x at 695. The district court thus properly denied Paula's motion to intervene. *See Kirsch*, 733 F. App'x at 278-79 (holding that the "motion to intervene as matter of right was properly denied" where the proposed intervenor "failed to satisfy a threshold consideration under Rule 24(a)" (citation modified)).

Paula argues that the district court abused its discretion by not expressly discussing all five factors for timeliness in its order. But Paula did not address those five factors in her own motion, and the burden was on Paula to demonstrate that her motion to intervene was timely. *See Velsicol*, 9 F.3d at 531; *see also Creusere*, 88 F. App'x at 824. In her motion, Paula provided only a two-sentence argument regarding timeliness, in which she plainly stated that she sought intervention after the district court granted summary judgment but before the foreclosure sale occurred. At best, Paula addressed only the first factor, the point to which the suit has progressed. In its order, the district court properly recognized the five-factor test for timeliness and implicitly considered

each factor. In light of the circumstances in this case and Paula's two-sentence argument, the district court did not abuse its discretion in concluding that Paula failed to demonstrate that her motion was timely. Although a more fulsome explanation of the factors by the district court would be preferable, we are not "left with the 'definite and firm conviction that the trial court committed a clear error of judgment.'" *See Hunt*, 521 F.3d at 648 (quoting *Dubay*, 506 F.3d at 431). Nor can we conclude that the district court's determination that the motion was untimely "was arbitrary, unjustifiable[,] or clearly unreasonable." *See Hardyman*, 243 F.3d at 267 (quoting *Plain Dealer Pub. Co.*, 794 F.2d at 1148).

Because we hold that the district court did not abuse its discretion in determining that Paula's motion was untimely, we need not address the other elements for intervention under Rule 24(a). *See Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 369 (1973) ("We therefore conclude that the motion to intervene was untimely and that the [d]istrict [c]ourt did not abuse its discretion in denying the appellant's motion . . . This makes it unnecessary for us to consider whether other conditions for intervention under Rule 24 were satisfied."); *see also Michigan*, 68 F.4th at 1029 ("[The proposed intervenor] failed to prove that the district court's untimeliness determination was an abuse of discretion. Because a proposed intervenor can't succeed without establishing timeliness, we needn't address the other factors for intervention as of right under Rule 24(a)(2).").

## III.   CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the ruling of the district court.